UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO BAEZ ROMERO,

                Plaintiff,

      -against-

DHL EXPRESS (USA), INC.,

              Defendant.

Civil Action No: 15-cv-04844 (JGK)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
DHL EXPRESS (USA), INC.'S MOTION FOR A JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(C)**

---

David M. Wirtz
Joshua S. Hurwit
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
Telephone: (212) 583-9600

07eb98dc5800b9a1

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................. 1

RELEVANT FACTS AND PROCEDURAL HISTORY ........................... 1

ARGUMENT ........................................................................................... 4

    I.    THE PLAINTIFF'S COMPLAINT IS PREEMPTED BY SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT, AND IT SHOULD BE DISMISSED, BECAUSE HE FAILED TO EXHAUST THE GRIEVANCE AND ARBITRATION PROCEDURES IN THE CBAs ................................................................................................ 4

        A.    The Plaintiff's common law claims are preempted ................................. 5

        B.    The Plaintiff's statutory claims are also preempted ................................. 5

    II.    THE PLAINTIFF'S § 198-C CLAIM FAILS BECAUSE THAT STATUTE DOES NOT AUTHORIZE A PRIVATE CAUSE OF ACTION ......................................................................................... 10

    III.    THE COMPLAINT SHOULD ALSO BE DISMISSED BECAUSE IT VIOLATES THE RULE AGAINST CLAIM SPLITTING ............................... 11

CONCLUSION ....................................................................................... 12

# TABLE OF AUTHORITIES

PAGE

CASES

*Allis-Chalmers v. Lueck*,
    471 U.S. 202 (1985).................................................................................6

*Avedisian v. Quinnipiac Univ.*,
    387 F. App'x 59 (2d Cir. 2010) ...............................................................5

*Baguer v. Spanish Broad. Sys., Inc.*,
    2010 U.S. Dist. LEXIS 69212 (S.D.N.Y. July 12, 2010), *aff'd* 2011 U.S. App. LEXIS
    11334 (2d Cir. June 3, 2011) ....................................................................5

*Brown v. Nat'l Football League*,
    219 F. Supp. 2d 372 (S.D.N.Y. 2002)....................................................6, 7

*Casilla v. Philip & Jack Hirth Mgmt.*,
    2014 U.S. Dist. LEXIS 34648 (S.D.N.Y. March 7, 2014), *aff'd* 563 F. App'x 85 (2d
    Cir. 2014) ..................................................................................................9

*Castagna v. Luceno*,
    2011 U.S. Dist. LEXIS 45567 (S.D.N.Y. April 26, 2011), *aff'd in part and vacated in
    part on other grounds*, 558 F. App'x 19 (2d Cir. March 5, 2014)..........11

*Curtis v. Citibank, N.A.*,
    226 F.3d 133 (2d Cir. 2000)................................................................11, 12

*Davis v. Norwalk Econ. Opportunity Now, Inc.*,
    534 F. App'x 47 (2d Cir. 2013) ..............................................................12

*DelCostello v. Int'l Bhd. of Teamsters*,
    462 U.S. 151 (1983)...............................................................................10

*Dougherty v. Am. Tel. & Tel. Co.*,
    902 F.2d 201 (2d Cir. 1990).....................................................................5

*Doyle v. United Airlines, Inc.*,
    914 F. Supp. 2d 325 (E.D.N.Y. 2012) ......................................................4

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,
    463 U.S. 1 (1983)......................................................................................4

*Hammell v. Banque Paribas*,
    780 F. Supp. 196 (S.D.N.Y. 1991) ........................................................11

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Hoops v. KeySpan Energy*,
  794 F. Supp. 2d 371 (E.D.N.Y. 2011) ...................................................................7

*Johnson v. D.M. Rothman Co., Inc.*,
  861 F. Supp. 2d 326 (S.D.N.Y. 2012).................................................................8

*Kramer v. Time Warner Inc.*,
  937 F.2d 767 (2d Cir. 1991)..................................................................................2

*Levy v. Verizon Info. Services Inc.*,
  498 F. Supp. 2d 586 (E.D.N.Y. 2007) .................................................................9

*Litras v. PVM Int'l Corp.*,
  2013 U.S. Dist. LEXIS 116236 (E.D.N.Y. Aug. 15, 2013)...................................7

*Livadas v. Bradshaw*,
  512 U.S. 107 (1994)..............................................................................................4

*Moran v. GTL Constr., LLC*,
  2007 U.S. Dist. LEXIS 55098 (S.D.N.Y. July 24, 2007) ....................................10

*Morris v. Local 804, Int'l Bhd. of Teamsters*,
  167 F. App'x 230 (2d Cir. 2006) ...................................................................4, 6, 7

*N. Assurance Co. of Am. v. Square D Co.*,
  201 F.3d 84 (2d Cir. 2000)...................................................................................12

*Okuma v. Crotona Park W. House Dev. Fund Corp.*,
  2014 U.S. Dist. LEXIS 143444 (S.D.N.Y. Sept. 29, 2014)...................................9

*Plumbers' Union Local No. 12 Pension Fund v. Swiss Reinsurance Co.*,
  753 F. Supp. 2d 166 (S.D.N.Y. 2010).................................................................1

*Promisel v. First Am. Artificial Flowers, Inc.*,
  943 F.2d 251 (2d Cir. 1991)................................................................................11

*Romanello v. Intesa Sanpaolo, S.p.A.*,
  2010 N.Y. Misc. LEXIS 2277 (Sup. Ct. N.Y. Cnty. May 24, 2010), *aff'd in part and
  modified in part on other grounds*, 97 A.D.3d 449 (1st Dep't 2012), *aff'd in part and
  modified in part on other grounds*, 22 N.Y.3d 881 (N.Y. 2013)............................11

*Romero v. DHL Express, Inc. and Local 295, I.B.T.*,
  12-CV-1942 (VEC) (RLE) (S.D.N.Y.)......................................................2, 3, 9, 12

## TABLE OF AUTHORITIES
### (CONTINUED)

*Sadowski v. Technical Career Institutes, Inc.*,
   1998 U.S. App. LEXIS 22594 (2d Cir. March 12, 1998) .........................................5

*Salamea v. Macy's E., Inc.*,
   426 F. Supp. 2d 149 (S.D.N.Y. 2006)................................................................9, 10

*Sasso v. Vachris*,
   66 N.Y.2d 28 (N.Y. 1985) ................................................................................10

*Sosnowy v. A. Perri Farms, Inc.*,
   764 F. Supp. 2d 457 (E.D.N.Y. 2011) .....................................................................7

*Stoganovic v. Dinolfo*,
   61 N.Y.2d 812 (N.Y. 1984) ..........................................................................10, 11

*Vera v. Saks & Co.*,
   218 F. Supp. 2d 490 (S.D.N.Y. 2002), *aff'd* 335 F.3d 109 (2d Cir. 2003) ..........................10

### STATUTES

29 U.S.C. § 185(a) ............................................................................................4

NYLL § 190(1) ...............................................................................................6

NYLL § 198-c ...............................................................................................5

### OTHER AUTHORITIES

Fed. R. Civ. P. 12(c) .......................................................................................1

## PRELIMINARY STATEMENT

Defendant DHL Express (USA), Inc. ("DHL") respectfully submits this Memorandum of Law in support of its motion for a judgment on the pleadings dismissing the Complaint in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(c).

Dismissal is warranted because:   (1) Mr. Romero failed to exhaust the grievance and arbitration procedures in the applicable collective bargaining agreements; (2) the New York statute under which he is suing does not authorize a private cause of action; and (3) his Complaint violates the rule against claim splitting, insofar as the claims he is litigating in this action arise out of his employment with DHL and the termination of that employment, and Mr. Romero is litigating another action in this District that also raises claims against DHL arising out of his employment with DHL and the termination of that employment.

## RELEVANT FACTS AND PROCEDURAL HISTORY

The following facts are taken from the Complaint ("Cmplt."),[1] documents attached to the Complaint as exhibits, and matters of which judicial notice may be taken.  *See Plumbers' Union Local No. 12 Pension Fund v. Swiss Reinsurance Co.*, 753 F. Supp. 2d 166, 171 (S.D.N.Y. 2010) (citations omitted).  The facts are assumed to be true for the purposes of this motion only.

Mr. Romero was employed by DHL at a facility in New York City (Cmplt. at ¶¶ 2-6), and he alleges that his employment with DHL was governed by the Collective Bargaining Agreement Between DHL Express (USA), Inc. and International Brotherhood of Teamsters Local 295 (the "CBA") and the National Master DHL Agreement DHL Express (USA), Inc. between DHL and the International Brotherhood of Teamsters (the "Master CBA") (collectively,

---

[1]  A true and correct copy of the Complaint is annexed as Exhibit 1 to the Declaration of David M. Wirtz, dated October 16, 2015 ("Wirtz Decl.").

"the CBAs").  *Id.* at ¶¶ 4, 15-17; *id.* Ex. A (CBA) and Ex. B (Master CBA).  Mr. Romero alleges

that the CBAs regulated both his vacation and paid time off ("PTO") benefits while he was

employed and upon termination of his employment.  Cmplt. at ¶¶ 15-17; *id.* Ex. A at pp. 13-17;

*id.* Ex. B at pp. 13-15.

The CBAs contain grievance and arbitration procedures.  *See* Cmplt. Ex. A at pp. 17-18

and Ex. B at pp. 6-9.  Section 20(A) of the CBA states in relevant part that:

> All complaints, disputes, controversies, differences, arguments,
> problems, and grievances (hereinafter collectively called
> 'grievances') by and between the Union and [DHL] and/or
> between unit employees and [DHL] as to the interpretation,
> application, meaning, import, performance or compliance with the
> provisions of this [DHL CBA] or involving, directly or indirectly,
> any act, conduct or relations between the parties hereto shall be
> adjusted and settled solely and exclusively in the following
> manner: . . .
>
> STEP 3:  If the grievance is not satisfactorily adjusted in Step 2,
> the Union may submit the grievance to an arbitrator, hereinafter
> designated, for binding and final resolution. . . .

Cmplt. Ex. A at p. 17.

DHL terminated Mr. Romero on August 18, 2011 (Cmplt. at ¶ 6), and he challenged that

termination by filing a grievance claiming "unjust termination."  Wirtz Decl. Ex. 2 at p. 4.[2]  That

---

[2]  Wirtz Decl. Ex. 2 is a Memorandum Opinion & Order of the Honorable Valerie Caproni,

U.S.D.J., filed on March 24, 2015, in *Romero v. DHL Express, Inc. and Local 295, I.B.T.*, 12-

CV-1942 (VEC) (RLE) (S.D.N.Y.).  This Court may take judicial notice of Judge Caproni's

Opinion.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("courts routinely

take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted

in the other litigation, but rather to establish the fact of such litigation and related filings")

(citation omitted).

grievance went to arbitration.  Wirtz Decl. Ex. 2 at p. 4.  The arbitrator upheld the termination. *Id.* at p. 5.  Mr. Romero then commenced an action in New York State Supreme Court that was removed to this Court (12-CV-1942 now before Judge Caproni), in which he sought, *inter alia,* to vacate the arbitrator's award ("*Romero I*").  *Id.*  DHL cross-moved to affirm the award, and that motion was granted over Mr. Romero's objection.  *Id.*

During a conference before Judge Caproni on April 10, 2015, Mr. Romero advised the Court that he intended to amend his complaint to add an eighteenth cause of action to assert a claim for unpaid vacation and floating holidays.  Wirtz Decl., Ex. 3.[3]  Judge Caproni expressed reservation about granting Mr. Romero permission to file an amended complaint, but asked counsel for DHL to look into his allegations.  *Id.*  That was done as a courtesy to Judge Caproni, and without conceding any liability, DHL elected to remit payment to Mr. Romero for the days in question without further court involvement, and so advised Judge Caproni by letter dated April 28, 2015.  *Id.*

On April 30, 2015, Mr. Romero wrote to Judge Caproni requesting an Order compelling DHL "to comply with its contractual obligation and to promptly make payment of all my paid time off and additional penalty of 8 (eight) hours per each day late that DHL failed to timely pay plaintiff as stipulated by contract."  Wirtz Decl., Ex. 4[4] at p. 3.  Judge Caproni denied Mr. Romero's application on May 5, 2015, writing: "The issue of whether Plaintiff is entitled to financial penalties from DHL due to delays in paying earned but unpaid vacation pay is not part of this lawsuit."  *Id.*

---

[3]  Wirtz Decl. Ex. 3 is a "Related Case Statement" filed on June 23, 2015.

[4]  Wirtz Decl. Ex. 4 is a "Memo Endorsed" letter filed on May 5, 2015, in *Romero I.*

Mr. Romero then commenced this action in Bronx Supreme Court on May 15, 2015, which DHL removed to this Court.  The Complaint alleges that DHL violated the CBAs, as well as the New York Labor laws, when DHL allegedly refused to pay Mr. Romero for unused vacation and floating holidays that had accrued as of his date of termination.  Cmplt. at ¶¶ 4-9, 14-17, 21-22.

The Complaint does not identify the number of vacation and floating holidays Mr. Romero allegedly accrued.  Nor does it contend that Mr. Romero grieved the alleged non-payment, or raised the alleged non-payment at the arbitration proceeding.

## ARGUMENT

## I.

## THE PLAINTIFF'S COMPLAINT IS PREEMPTED BY SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT, AND IT SHOULD BE DISMISSED, BECAUSE HE FAILED TO EXHAUST THE GRIEVANCE AND ARBITRATION PROCEDURES IN THE CBAS.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA") preempts "any state cause of action for violation of contracts between an employer and a labor organization."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (citation omitted).  It also preempts "any state law claim that substantially depends upon analysis of [a labor] agreement."  *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 231 (2d Cir. 2006) (citing *Franchise Tax Bd.*, 463 U.S. at 23).  Preemption applies "even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim."  *Doyle v. United Airlines, Inc.*, 914 F. Supp. 2d 325, 336 (E.D.N.Y. 2012) (citing *Livadas v. Bradshaw*, 512 U.S. 107, 122 n.16 (1994)).

The Complaint in this case explicitly alleges that DHL violated its labor agreements with Mr. Romero's labor union, and the resolution of his New York Labor Law claim against DHL

substantially depends upon analysis of those labor agreements, *i.e.* the CBAs.  Accordingly, all of Mr. Romero's claims against DHL are preempted.

**A.     The Plaintiff's common law claims are preempted.**

Mr. Romero claims that DHL breached the CBAs by not paying him for unused vacation and floating holidays that had accrued as of his date of termination.  *See* Cmplt. at ¶¶ 4, 8-9, 14-17.  These claims are preempted because breach of contract claims based on collective bargaining agreements are preempted by Section 301 as a matter of law.  *See, e.g., Avedisian v. Quinnipiac Univ.*, 387 F. App'x 59, 62 (2d Cir. 2010); *Sadowski v. Technical Career Institutes, Inc.*, 1998 U.S. App. LEXIS 22594, at *2 (2d Cir. March 12, 1998) ("Claims asserting a breach of a collective bargaining agreement are completely preempted by Section 301") (citation and internal quotation marks omitted); *Dougherty v. Am. Tel. & Tel. Co.*, 902 F.2d 201, 203 (2d Cir. 1990) ("Section 301 . . . governs actions by an employee against an employer for breach of a collective bargaining agreement").

**B.     The Plaintiff's statutory claims are also preempted.**

Mr. Romero also alleges that DHL violated New York Labor Law ("NYLL") §§ 198[5] and 198-c by the alleged nonpayment.  *See* Cmplt. at ¶¶ 14, 22.  These claims also are preempted.  NYLL § 198-c states in relevant part:

> 1.     In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to

---

[5]  NYLL § 198 merely allows an employee who prevails on a wage claim under other provisions of the NYLL to recover unlawfully withheld wages plus civil penalties and costs.  *Baguer v. Spanish Broad. Sys., Inc.*, 2010 U.S. Dist. LEXIS 69212, at *52-53 n.8 (S.D.N.Y. July 12, 2010), *aff'd* 2011 U.S. App. LEXIS 11334 (2d Cir. June 3, 2011).  Accordingly, DHL will address only Mr. Romero's claim under NYLL § 198-c.

> pay or provide benefits or wage supplements to employees . . . and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor, . . .
>
> 2.      As used in this section, the term 'benefits or wage supplements' includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay.

NYLL § 190(1) defines "wages" to mean:

> the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis.  The term 'wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article.

Mr. Romero asserts a claim against DHL pursuant to NYLL § 198-c based on its alleged "delay in providing [him] his unpaid wages, for inaccurate maintenance of payroll records and for unfair business practices . . . [and for] withholding payment to [him] as per agreement related to his earned paid vacation . . . at the time of his employment separation from DHL."  Cmplt. at ¶¶ 14, 22.  The Complaint does not identify how DHL's payroll records were inaccurately maintained or explain the alleged unfairness of its business practices.  But these omissions are immaterial.  Assuming without conceding that NYLL § 198-c authorizes a civil action (*see* Section II, *infra*), Mr. Romero's NYLL § 198-c claim against DHL is preempted.

A state law claim is preempted by Section 301 if its resolution "substantially depends upon analysis of" the applicable labor agreement.  *Morris*, 167 F. App'x at 231 (citation omitted).  A state law claim is not preempted if it "merely 'relates in some way to a provision in a collective-bargaining agreement.'"  *Brown v. Nat'l Football League*, 219 F. Supp. 2d 372, 378 (S.D.N.Y. 2002) (quoting *Allis-Chalmers v. Lueck*, 471 U.S. 202, 213, 220 (1985)).

The dividing line is "elusive" (*Id.* at 379 (citation and internal quotation marks omitted)), but the claims here indisputably cross that line into LMRA preemption, because resolution of Mr. Romero's NYLL § 198-c claim "substantially depends upon analysis of" the CBAs. *Morris*, 167 F. App'x at 231. Here is why: Section 198-c does not create a statutory entitlement to "paid vacation and sick days, or payment for unused vacation and sick days"; the statute merely "codifies the general understanding that vacation and sick pay are purely matters of contract between an employer and employee." *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 475-476 (E.D.N.Y. 2011). Thus, a court cannot evaluate a NYLL § 198-c claim without analyzing the underlying contract that provides the benefits. *See Litras v. PVM Int'l Corp.*, 2013 U.S. Dist. LEXIS 116236, at *32-35 (E.D.N.Y. Aug. 15, 2013).

In this case the CBAs provide the benefits underlying the NYLL § 198-c claim, and this Court would have to analyze the CBAs to decide the claim. As one example, this Court could not decide Mr. Romero's NYLL § 198-c claim without analyzing Section 15 of the CBA. *See* Cmplt. Ex. A at pp. 15-16. Titled "VACATIONS" and cited in the Complaint, CBA Section 15 provides different vacation rights to different categories of employees, differentiating between those hired before or after September 1, 1988, those employees with less than one year of service prior to the "April 1 Bid," and those employees with one or more years of service prior to the "April 1 Bid." *Id.* The Complaint does not identify the category into which Mr. Romero belongs, and neither the CBA nor the Master CBA defines the term "April 1 Bid." Therefore, for the Court to determine the amount of vacation Mr. Romero allegedly accrued, or the rate of accrual, it would have to ascertain Mr. Romero's date of hire (a factual determination) and learn the meaning of "April 1 Bid" (also a factual determination). The LMRA prohibits these kinds of inquiries, because it is work for an arbitrator, not a federal district court. *Hoops v. KeySpan*

*Energy*, 794 F. Supp. 2d 371, 378 (E.D.N.Y. 2011) ("to the extent the Court must make factual determinations about the meaning of a collective bargaining agreement, that decision is governed by the Labor Management Relations Act").

The language of Article 17 of the Master CBA is another example. Titled "SEPARATION OF EMPLOYMENT," Article 17 provides in part that "[v]acation pay for which the discharged employee *is qualified* shall be paid no later than the next payroll following final determination of the discharge." *See* Cmplt. Ex. B at p. 15 (emphasis added). The Master CBA does not define the word "qualified." This would leave the Court with the job of figuring out, by analyzing the entire agreement, or past practices, or prior arbitration agreements interpreting Article 17, what "qualified" means, all without the advantage of the testimony that would be brought forth by both management and the union in an arbitration proceeding.[6] This is precisely what Section 301 preemption prohibits. *See*, *e.g.*, *Johnson v. D.M. Rothman Co., Inc.*, 861 F. Supp. 2d 326, 333 (S.D.N.Y. 2012) ("the Court would have to evaluate Plaintiffs' work histories in light of the intended meaning and purpose of the CBA's terms, a task which the Court is ill-equipped to perform, and which the LMRA mandates should be left to the CBA's designated grievance procedures").

Assuming without conceding that Mr. Romero was "qualified," and that DHL should pay him damages, the Court would still have to make factual findings to calculate the damages. The Complaint cites to Article 17 of the Master CBA, and alleges that DHL owes damages "as a result of [the] delayed vacation payment." Cmplt. at ¶ 17. Article 17 of the Master CBA states in relevant part that vacation pay "shall be paid no later than the next payroll *following final*

---

[6] The Court would also have to resolve any real or perceived conflicts between the CBA and the Master CBA, as Mr. Romero alleges that both apply to his lawsuit. *See* Cmplt. at ¶¶ 4, 8.

*determination of the discharge.*" *See* Cmplt. Ex. B at p. 15 (emphasis added).  In a recent submission to Judge Caproni in *Romero I*, Mr. Romero asserted that he was "entitled to his vacation and holidays floaters pay, two (2) weeks after [the] arbitrator [sic] decision on December 7, 2011[.]" Wirtz Decl., Ex. 5 at p. 2.[7]   Thus, Mr. Romero appears to argue that the arbitrator's decision of December 7, 2011, which upheld his termination, was the "final determination of the discharge" under Article 17 of the Master CBA.  However, he implicitly argued the contrary when he opposed DHL's motion in *Romero I* to affirm the arbitrator's decision, which Judge Kaplan granted on April 2, 2013.  Wirtz Decl., Ex. 2 at p. 5.  The dispute as to which date is deemed the "final determination of the discharge" – December 7, 2011 or April 2, 2013 – further establishes LMRA preemption of Mr. Romero's NYLL § 198-c claim. *See Salamea v. Macy's E., Inc.*, 426 F. Supp. 2d 149, 155 (S.D.N.Y. 2006) (NYLL § 198 claim preempted because of dispute as to whether employee complied with the CBA).

Finally, many courts (including this Court) have found LMRA preemption in actions asserting violations of New York's Labor law, and in this case there are ample grounds to find Mr. Romero's NYLL § 198-c claim preempted.  *See, e.g., Okuma v. Crotona Park W. House Dev. Fund Corp.*, 2014 U.S. Dist. LEXIS 143444, at *6-7 (S.D.N.Y. Sept. 29, 2014) ("a union member's claims for vacation pay and severance pay trigger complete preemption because such claims require the court to interpret the underlying collective bargaining agreement") (citations omitted); *Casilla v. Philip & Jack Hirth Mgmt.*, 2014 U.S. Dist. LEXIS 34648, at *1-2, 6-8 (S.D.N.Y. March 7, 2014) (finding LMRA preemption where plaintiff brought suit against employer for "nonpayment of wages"), *aff'd* 563 F. App'x 85 (2d Cir. 2014); *Levy v. Verizon Info. Services Inc.,* 498 F. Supp. 2d 586, 597-98 (E.D.N.Y. 2007) (preempting claims alleging

_____

[7]  Ex. 5 is a letter filed on October 5, 2015, in *Romero I.*

unlawful deductions because "the court would have to ascertain whether the deductions were permitted under the CBAs; such a determination would plainly require the court's interpretation of the CBAs"); *Salamea*, 426 F. Supp. 2d at 149 (NYLL § 198 claim alleging "failure to pay accrued vacation pay" preempted); *Vera v. Saks & Co.*, 218 F. Supp. 2d 490, 491 (S.D.N.Y. 2002) (NYLL § 193 claim alleging unauthorized deductions preempted), *aff'd* 335 F.3d 109 (2d Cir. 2003).

For the foregoing reasons, this Court should find Mr. Romero's NYLL § 198-c claim preempted, and hold that dismissal is warranted because he failed to exhaust the grievance procedures in the CBA and/or the Master CBA.  Before suing his employer "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement."  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983) (citation omitted).  Mr. Romero does not allege (nor could he credibly allege) that he grieved DHL's alleged failure to pay for his unused vacation and floating holidays, or raised this issue at the arbitration of his claim for "unjust termination."  Accordingly, the Complaint should be dismissed.  *See, e.g.*, *Salamea*, 426 F. Supp. 2d at 156.

## II.

### THE PLAINTIFF'S § 198-C CLAIM FAILS BECAUSE THAT STATUTE DOES NOT AUTHORIZE A PRIVATE CAUSE OF ACTION.

If this Court should elect to consider the NYLL § 198-c claim on the merits, it should nonetheless dismiss the claim, because that statute does not authorize a private right of action. *Stoganovic v. Dinolfo*, 61 N.Y.2d 812, 813 (N.Y. 1984); *Sasso v. Vachris*, 66 N.Y.2d 28, 30-31 (N.Y. 1985) Not all courts agree with that proposition,[8] but DHL respectfully submits that the

---

[8]  *Compare Moran v. GTL Constr., LLC*, 2007 U.S. Dist. LEXIS 55098, at *14 (S.D.N.Y. July 24, 2007) ("[NYLL § 198-c does not confer a civil right of action for the recovery of wages")

decisions finding a private cause of action in NYLL § 198-c should not be followed, because *Stoganovic* and *Dinolfo* were correctly decided, and because they are binding on this Court.  *See Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 257 (2d Cir. 1991) ("If a state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising pendent jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional determination and not allow that claim to be appended to a federal law claim in federal court") (citation omitted).

## III.

### THE COMPLAINT SHOULD ALSO BE DISMISSED BECAUSE IT VIOLATES THE RULE AGAINST CLAIM SPLITTING

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  *Curtis v. Citibank, N.A.*, 226 F.3d 133,

(footnote 8 continued) and *Hammell v. Banque Paribas*, 780 F. Supp. 196, 200-201 (S.D.N.Y. 1991) ("the plaintiff has no civil remedy under [NYLL § 198-c]") *with Romanello v. Intesa Sanpaolo, S.p.A.*, 2010 N.Y. Misc. LEXIS 2277, at *14-15 (Sup. Ct. N.Y. Cnty. May 24, 2010) ("*Stoganovic* applied to the question of whether *officers and agents of the corporation* may be liable for recovery of wages") (emphasis in original), *aff'd in part and modified in part on other grounds*, 97 A.D.3d 449, 455-56 (1st Dep't 2012), *aff'd in part and modified in part on other grounds*, 22 N.Y.3d 881 (N.Y. 2013) and *Castagna v. Luceno*, 2011 U.S. Dist. LEXIS 45567, at *70-72 (S.D.N.Y. April 26, 2011) (stating that "[t]here is conflicting case law and considerable disagreement as to whether a private right of action under [NYLL § 198-c] may be implied" and finding "more persuasive the cases finding a private right of action to be appropriate") (citation omitted; collecting cases), *aff'd in part and vacated in part on other grounds*, 558 F. App'x 19 (2d Cir. March 5, 2014).

138 (2d Cir. 2000).  Suits can be duplicative even if they do not have "identical facts, legal theories, and remedies."  *Davis v. Norwalk Econ. Opportunity Now, Inc.*, 534 F. App'x 47, 48 (2d Cir. 2013).  The relevant test is "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations."  *Id.* (citation and internal quotation marks omitted).

This action passes that test.  The underlying facts in *Romero I* and in this action are based on Mr. Romero's employment with DHL and the termination of that employment.  It makes no difference that Mr. Romero's theories of recovery in *Romero I* differ from his theories of recovery in this action.  *See Davis*, 534 F. App'x at 49.  Nor does it matter that Mr. Romero could have asserted the claims he asserts here as claims in *Romero I.*  *See id.* (citing *N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 87 (2d Cir. 2000) for the proposition).  "[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."  *Curtis*, 226 F.3d at 138-39.

## CONCLUSION

For the foregoing reasons, the Court should grant DHL's motion pursuant to Rule 12(c) and dismiss the Complaint.

Dated: October 16, 2015                Respectfully submitted,
      New York, New York

                                        /s/    David M. Wirtz
                                        David M. Wirtz
                                        Joshua S. Hurwit

                                        LITTLER MENDELSON, P.C.
                                        900 Third Avenue
                                        New York, NY  10022.3298
                                        212.583.9600

                                        Attorneys for Defendant
                                          DHL Express (USA), Inc.