UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

MAURICIO BAEZ ROMERO,

                **Plaintiff,**           15-cv-4844 (JGK)

      - against –           MEMORANDUM OPINION AND
                                            ORDER

DHL EXPRESS (U.S.A), INC.,

                **Defendant.**

————————————————————————————————

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Mauricio Baez Romero, originally brought this action in the New York State Supreme Court, Bronx County, against his former employer, defendant DHL Express (U.S.A.) Inc. The plaintiff alleges that DHL violated the terms of two collective bargaining agreements, as well as New York Labor Law ("NYLL") § 198.

    After the defendant removed the action to this Court, the plaintiff moved pursuant to 28 U.S.C. § 1447(c) to remand this action to state court, arguing that the action was based purely on state law claims.  The defendant argues that there is a federal question sufficient for federal jurisdiction because the state law claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  The defendants have also moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  For the reasons stated below,

1

the plaintiff's motion to remand is **denied**, and the defendant's
motion for a judgment on the pleadings is **granted**.

                                I.

     The following facts alleged in the complaint are assumed to
be true for the purposes of the pending motions.  Romero was
employed by DHL for twenty years until his termination on August
18, 2011.  Compl. at ¶ 6.  Romero's employment with DHL was
governed by the collective bargaining agreement between DHL and
the International Brotherhood of Teamsters Local 295 (the
"CBA"), as well as the National Master DHL Agreement DHL Express
(USA), Inc. between DHL and the International Brotherhood of
Teamsters (the "Master CBA") (collectively, the "CBAs").  Compl.
at ¶¶ 4-5, 15-17; Compl. Ex. A (CBA); Ex. B (Master CBA).  The
CBAs regulated the various ways employees like Romero could earn
vacation and paid time off ("PTO").  Compl. at ¶¶ 15-17.  Romero
alleges that he was not paid the vacation time and PTO that he
had earned pursuant to the CBAs at the time of his termination.
Id. at ¶¶ 8-9.  The CBAs contained grievance and arbitration
procedures that outlined the process by which an employee like
Romero could file a grievance that would ultimately go to

arbitration if unresolved.[1]  See Compl. Ex. A. at pp. 17-18;
Compl. Ex. B. at pp. 6-9.

Romero filed a complaint in the New York State Supreme
Court, Bronx County, alleging that DHL violated the terms of the
CBAs and NYLL § 198.  On June 22, 2015, defendant DHL removed
the case to this Court.  The plaintiff subsequently filed a
motion to remand the case to state court on the grounds that
there is no basis for federal jurisdiction.  The defendant filed
a motion for judgment on the pleadings under Rule 12(c) of the
Federal Rules of Civil Procedure.

II.

On a motion to remand for lack of subject matter
jurisdiction, courts assume the truth of non-jurisdictional
facts alleged in the complaint, but may consider materials
outside of the complaint, such as documents attached to a notice
of removal or a motion to remand that convey information
essential to the court's jurisdictional analysis.  See BGC
Partners, Inc. v. Avison Young (Canada), Inc., 919 F. Supp. 2d
310, 312 n.3 (S.D.N.Y. 2013).

For a motion for judgment on the pleadings pursuant to
Federal Rule of Civil Procedure 12(c), courts apply the same
standards as those applied to a motion to dismiss pursuant to

_____

[1] While this case pertains to Romero's claim for accrued vacation and
PTO time, the plaintiff also filed a separate action related to his
termination from DHL.

3

Federal Rule of Civil Procedure 12(b)(6).  Cleveland v. Caplaw
Enters., 448 F.3d 518, 521 (2d Cir. 2006).  "Thus, [a court]
will accept all factual allegations in the complaint as true and
draw all reasonable inferences in [the] plaintiff[']s[] favor.
To survive a Rule 12(c) motion, [the] complaint must contain
sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face."  Hayden v. Peterson, 594
F.3d 150, 160 (2d Cir. 2010).  In deciding such a motion, the
court may consider documents that are referenced in the
complaint, documents that the plaintiff relied on in bringing
suit and that either are in the plaintiff's possession or were
known to the plaintiff when the plaintiff brought suit, or
matters of which judicial notice may be taken.  See Chambers v.
Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Brass v.
Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); see
also D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd., 116 F.
Supp. 3d 349, 351 (S.D.N.Y. 2015).

III.

A.

The plaintiff moves to remand this action to state court,
arguing that his state law claims are not preempted by § 301 of
the LMRA ("§ 301").

The defendant removed this action pursuant to 28 U.S.C.
§ 1441(a), which provides that "any civil action brought in a

4

State court of which the district courts of the United States have original jurisdiction" may be removed to federal court.  If the removal is based on federal question jurisdiction, the action is removable without regard to the citizenship or residence of the parties.  28 U.S.C. § 1441(b).  The party seeking removal bears the burden of establishing that removal is proper.  See Mehlenbacher v. Azko Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).  An action may be removed to federal court pursuant to § 1441 if the plaintiff's "well-pleaded complaint" presents a federal question.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Salamea v. Macy's E., Inc., 426 F. Supp. 2d 149, 153 (S.D.N.Y. 2006).

However, there is a "complete preemption" corollary to the well-pleaded complaint rule: "[w]hen federal common or statutory law so utterly dominates a preempted field that all claims brought within the field necessarily arise under federal law, a complaint purporting to raise state law claims in that field actually raises federal claims," and thus is subject to removal. Marcus v. AT&T Corp., 138 F.3d 46, 53 (2d Cir. 1998).  Here, the "unusual pre-emptive power" accorded to § 301 may create federal jurisdiction "even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state

claim." Vera v. Saks & Co., 335 F.3d 109, 114 (2d Cir. 2003)
(per curiam); see also Salamea, 426 F. Supp. 2d at 153.

Thus, to determine if removal pursuant to 28 U.S.C. § 1441
was proper, the Court must determine whether any of the
purported state law claims in the complaint are preempted by
§ 301.

B.

The plaintiff's complaint alleges that the defendant's
failure to pay the plaintiff's accrued vacation and PTO
constitutes a breach of contract in violation of the terms of
the CBAs. Compl. at ¶ 8. "[W]here the resolution of a state-
law claim depends on an interpretation of the collective
bargaining agreement, the claim is preempted" by § 301.
Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 261 (1994)
(citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399,
405-06 (1998)); Vera, 335 F.3d at 114-15. This, in turn,
depends on the "legal character" of the state law claim and
whether it is truly independent of rights under the collective
bargaining agreement. Livadas v. Bradshaw, 512 U.S. 107, 123-24
(1994); Foy v. Pratt Whitney Grp., 127 F.3d 229, 234 (2d Cir.
1997); see also Salamea, 426 F. Supp. 2d at 153. When a
plaintiff alleges that the defendant violated the CBA itself,
that claim will generally be preempted under § 301. See Kaye v.
Orange Reg'l Med. Ctr., 975 F. Supp. 2d 412, 423 (S.D.N.Y 2013)

(collecting cases); see also Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc., No. 16-CV-3569 (KBF), 2016 WL 3753098, at *5 (S.D.N.Y. July 11, 2016); Ramirez v. Riverbay Corp., 35 F. Supp. 3d 513, 522 (S.D.N.Y. 2014) ("Section 301 of the LMRA 'governs actions by an employee against an employer for breach of a collective bargaining agreement.'" (quoting Dougherty v. Am. Tel. & Tel. Co., 902 F.2d 201, 203 (2d Cir. 1990))).

Here, the plaintiff's own complaint makes it plain that the breach of contract claim is preempted under § 301. The complaint states that the "refusal to pay plaintiff his paid vacation time earned at [the] time of termination . . . constitute[s] a breach of contract by defendant i.e. 'CBA' and 'DHL National Master Agreement.'" Compl. at ¶ 8. The plaintiff's breach of contract claim alleges that the defendant violated the terms of the CBAs that governed the employment relationship between the plaintiff and the defendant, and is therefore plainly preempted by § 301. See Kaye, 975 F. Supp. 2d at 423.

C.

The plaintiff also alleges that the defendant violated NYLL § 198 by failing to pay the plaintiff his accrued vacation and PTO pay. "Courts have held that when a collective bargaining agreement exists, claims against employers for unpaid wages

7

under New York State Labor Law 198 are preempted by 301."
Salamea, 426 F. Supp. 2d at 155 (concluding that a claim under
NYLL 198 was preempted under § 301 for a claim related to unpaid
accrued vacation pay) (collecting cases).  State claims may not
be preempted by § 301 if they only require CBAs to be
"consulted" for calculation of damages rather than "interpreted"
to resolve the dispute.  Livadas, 512 U.S. at 124.

Here, any claim by the plaintiff related to an alleged
violation of NYLL § 198 is preempted by § 301 because the Court
would be required to interpret the CBAs in order to determine
whether the plaintiff was deprived of his accrued vacation PTO
pay.  The CBA provides various vacation rights to different
categories of employees based on date of hire and years of
service,[2] as well as an assortment of ways an employee can earn
PTO.  See Compl. Ex. A at pp. 14-15.  The plaintiff fails to
plead which employment category he belongs to, or the methods in
which he earned his PTO.  In addition, any resolution of the

---

[2] The CBA calculates vacation time using certain terms that would
require an interpretation of the CBA to determine accurately an
employee's earned vacation time.  For example, vacation time could be
earned on a certain schedule if an employee had "previously entered
the 375 Guarantee," but the term "375 Guarantee" is undefined.  The
CBA also determines the years of service an employee has worked based
on the amount of time that has passed prior to an "April 1 Bid," but
the term "April 1 Bid" is also undefined.  In correspondence submitted
after argument on the current motions, the plaintiff argues that no
reference to the CBAs is necessary because the plaintiff's pay sub
reflected the amount he was owed.  But the pay stub would not
necessarily reflect the amount he was owed under the CBAs and to
determine that amount, the CBAs would have to be consulted and
interpreted.

plaintiff's claim would require reconciling the CBA with the
Master CBA, both of which governed the terms of plaintiff's
employment at DHL.  Accordingly, the Court would be required to
do more than merely consult the CBAs to determine the vacation
and PTO the plaintiff is owed.  "[T]he CBA[s] contain[] detailed
requirements for an employee to be eligible for vacation
benefits," Salamea, 426 F. Supp. 2d at 155, and the
interpretation of these requirements of the CBA would be
necessary in order to resolve the plaintiff's claim.  The
plaintiff's claim that the defendant violated NYLL § 198 is also
preempted by § 301.

III.

A.

`    The defendant DHL also moves to dismiss the plaintiff's
claims on the pleadings.

The plaintiff alleges that the defendant breached the terms
of the CBAs by failing to pay accrued vacation and PTO.  As
explained above, this breach of contract claim asserting that
the defendants violated the CBAs necessarily arises under the
CBAs.  The CBA mandated the use of grievance and arbitration
mechanisms provided therein for the resolution of all
complaints, disputes, controversies, arguments, problems, and
grievances between employees and DHL as to the interpretation,
application, meaning, import, performance, or compliance with

the CBA.  See Compl. Ex. A. at p. 17.  The plaintiff does not assert that he used the grievance and arbitration mechanisms in the CBA.

Because the plaintiff's claim that DHL breached the terms of the CBAs falls squarely within the scope of the grievance and arbitration provisions, this claim must be dismissed.[3]  See Allis-Chalmers v. Lueck, 471 U.S. 202, 220-21 (1985) ("This complaint should have been dismissed for failure to make use of the grievance procedure established in the collective-bargaining agreement, or dismissed as pre-empted by 301." (citations omitted)); see also Salamea, 426 F. Supp. 2d at 156.

B.

The plaintiff also alleges that the defendant violated NYLL § 198 by failing to pay accrued vacation and PTO pay.  The Court has addressed above why this claim is also preempted by § 301 because it requires the interpretation of the CBA.  As discussed above in the context of the plaintiff's breach of contract claim, Romero's failure to exhaust his remedies under the CBA

---

[3] The plaintiff argues that his claim is not subject to arbitration because he is a former employee.  This argument is without merit because the plaintiff is seeking benefits under the CBA and can therefore pursue a grievance and then an arbitration of that grievance.  See, e.g., Salamea, 426 F. Supp. 2d at 156 (determining that a former employee's claim that an employer failed to pay accrued vacation time was preempted by § 301 because the claim would require interpretation of the CBA in effect at the time plaintiff was employed by employer.)

10

for his claim for unpaid vacation and PTO time requires that his § 198 claim be dismissed.  See <u>Salamea</u>, 426 F. Supp. 2d at 156.

**CONCLUSION**

The remaining arguments of the parties are either moot or without merit.  For the reasons stated above, the plaintiff's motion to remand is **denied**. The defendant's motion for a judgment on the pleadings is **granted**.  The Clerk is directed to enter judgment dismissing this case.  The Clerk is also directed to close this case and to close all pending motions.

**SO ORDERED.**


Dated:    New York, New York
          November 4, 2016         _____/s/_____
                                         John G. Koeltl
                                   **United States District Judge**